Brown *v.* Harris.

JOHN BROWN AND WIFE *v.* E. Z. C. HARRIS *et al.*

NUNCUPATIVE WILL. *Probate. Setting aside. Notice.* The probate of a nuncupative will in the county court is, in substance, under our statutes, required to be in solemn form; and such probate ought not to be set aside upon petition merely because of the absence of the process or notice from the record, where the want of notice is not averred in the petition. The recital of the record that the next of kin were notified to appear is sufficient to show the fact of notice.

FROM MONROE.

Appeal from the Circuit Court. E. T. HALL, Judge.

R. K. ROBINSON and C. W. HICKS for plaintiff.

McCRASKY for defendant.

McFARLAND, J., delivered the opinion of the court.

The nuncupative will of Matilda Roy was admitted to probate in the county court of Monroe county, at the June term, 1875. Subsequently, at the September term, upon the petition of the next of kin or some of them, the probate was set aside, and the will and proceedings certified to the circuit court for an issue and contest in the usual form. In the circuit court, the administrator with the will annexed moved to dismiss the petition and annul the action of the county court setting aside the probate. This motion was

Brown *v.* Harris.

sustained and the will was declared valid under the probate of the county court, and the matter remanded to that court to be proceeded with. The contestants have appealed.

The argument in support of the action of the circuit court is, that the probate of a will had in *solemn form* cannot afterwards be set aside, and that under our laws the probate of a nuncupative will is a probate in *solemn form* by the express requirements of the statute. If the next of kin when notified to be present at the probate in the county court fail to contest and ask for an issue to be made, they cannot afterwards have the probate set aside. This, so far as we know, is a new question in this State. A probate in common form is the usual mode of proving wills in the county court; that is, wills other than nuncupative wills, may be set aside upon the petition of the parties in interest, and issue made for trial in the circuit court, even after the lapse of many years. But a probate in solemn form cannot be thus set aside. A probate in solemn form may be had in the county court by citing all who are interested to be present at the probation, and in their presence the will is offered for probate, and the witnesses all examined, and the judgment of the court thereon establishes or rejects the will.

Section 2166 of the Code, from the act of 1784, enacts, "that no nuncupative will shall be proved by the witnesses . . . . till process has issued to call in the widow or next of kin, or both if conveniently to be found, to contest it." This in substance requires

the probate of such a will to be in solemn form, and we do not see but what the same results would follow as to the right to have the probate set aside which attach to other wills proven in solemn form.

The record of the county court shows that the will of Matilda Roy was produced in open court at the May term, 1875, for probate, when it was ordered that the probate be continued until the June term, and that process issue as to all resident defendants, and publication be made as to all non-resident defendants next of kin, notifying them that the will would be offered for probate at the June term. The record shows that a number of persons, including all the petitioners except Mary E. Barr, (who was a niece of the testatrix) and her husband, by writing signed by attorney, waived service of process to appear at the June term, and at the June term the record recites that the next of kin were notified to appear on the day of the probate.

The petition assumes that the probate of the will in the county court was in common form, but does not in terms aver a want of notice. Is the recital of the record that the next of kin were notified sufficient to show the fact? Should the record affirmatively show the service of the process? The requirement of the statute is, that "*process*" shall issue, etc. "Process" ordinarily would mean process issued by the clerk, which should constitute part of the record, but the mere absence of the process or notice from the record, where the fact of notice is recited, ought not to vitiate the probate, where want of notice is

not averred.    The probate of a will is a proceeding in rem; and while we think  parties in interest who had no notice ought not to be denied their right to contest, yet when the record shows a case of probate in solemn form and no want of notice averred, that the probation ought not to be set aside merely because of the absence of the process or notice from the record.

Affirm the judgment.